# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>            Plaintiffs,<br><br>      v.<br><br>SUPERIOR COURT OF CALIFORNIA, *ET AL.*,<br><br>            Defendants. | Case No. 13-cv-01577-BAS(BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>(ECF Nos. 18, 19) |

Plaintiff Anton Ewing ("Plaintiff") commenced this civil rights action on July 5, 2013. (ECF No. 1.) On August 2, 2013, Plaintiff filed a First Amended Complaint (ECF No. 7 ("FAC")) against Defendants Bonnie Dumanis, Kamala D. Harris, and William Gore (collectively "Defendants") under 42 U.S.C. § 1983 alleging violations of his rights under the First and Fourteenth Amendments to the United States Constitution. Defendants now move to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF Nos. 18, 19.)

The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendants' motions to dismiss (ECF Nos. 18, 19).

I.  BACKGROUND

   A.   State Court Criminal Case[1]

Plaintiff was charged with four counts of stalking in violation of California Penal Code section 646.9(a) and four counts of extortion in violation of California Penal Code section 523, one count for each of four victims. (10/12/12 Opinion at p. 1; FAC at p. 7.) Plaintiff moved to dismiss the counts filed under section 646.9(a) alleging they were a valid exercise of his constitutional right to free speech. (10/12/12 Opinion at p. 2.) The San Diego Superior Court denied the motion. (*Id*.)

Plaintiff then pled guilty to one count of stalking under section 646.9(a) with respect to victim Robert Cross, admitting as a factual basis that Plaintiff "repeatedly contacted and harassed [the] victim in an attempt to collect a debt with intent to place[that] person in fear." (*Id*.; FAC at pp. 7-8.) Following his guilty plea, the Superior Court sentenced Plaintiff to two years in custody. (10/12/12 Opinion at p. 2; FAC at p. 8.)

---

[1] Upon request (ECF Nos. 18-2, 19-2, 21), the Court will take judicial notice of the documents filed in Plaintiff's state court criminal case, including the judgment, October 12, 2012 opinion of the Court of Appeal, and the January 3, 2013 order of the Supreme Court of California, as they are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of a California court's final judgment); *United States v. Black,* 482 F.3d 1035, 1041 (9th Cir.2007) (federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). The facts above are primarily taken from the Opinion issued by the Court of Appeal on October 12, 2012 following Plaintiff's conviction. (ECF No. 19-3 ("10/12/12 Opinion").)

Plaintiff appealed the conviction claiming "his communications were protected speech under the First Amendment to the federal Constitution." (10/12/12 Opinion at p. 3.) In his appeal, Plaintiff argued: (1) under the First Amendment, the "credible threat" provision of section 646.9 must be construed as requiring proof of a "true threat;" (2) the prosecution failed to show a "true threat" and thus his conviction was unconstitutional; and (3) his communications served legitimate purposes and thus were protected under the First Amendment. (10/12/12 Opinion at p. 7.) The Court of Appeal rejected these arguments. (*Id*. at pp. 17-19.) Plaintiff appealed to the California Supreme Court, but petition for review was denied. (ECF No. 18-2, Ex. B.)

Plaintiff then filed a writ of habeas corpus in federal district court pursuant to 28 U.S.C. §2254. The petition was dismissed because Plaintiff had completed his state custodial sentence before filing the petition, divesting the federal court of jurisdiction. (ECF No. 19-5.)

### B.     First Amended Complaint

Plaintiff now files this lawsuit against the San Diego District Attorney Bonnie Dumanis, the California Attorney General Kamala Harris, and the San Diego County Sheriff William Gore under 42 U.S.C. §1983, for "violation of his rights under the First and Fourteenth Amendments to the U.S. Constitution." (FAC at p. 1.)

Plaintiff is clearly asking this Court to declare California Penal Code, section 646.9 (otherwise known as the stalking statute)[2] to be unconstitutional. (*See id*. at p. 6.) "Unless Penal Code §646.9 is declared unconstitutional by this Court, and its enforcement enjoined, Plaintiff will continue to be subject to arrest and prosecution"

---

[2]     Penal Code section 646.9 states, in relevant part: "Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family is guilty of the crime of stalking." Cal. Pen. Code § 646.9(a).

and "California Penal Code §646.9 is unconstitutional on its face and as applied to Plaintiff, in violation of Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution." (*Id.* at pp. 3, 5.)

Plaintiff further appears to be seeking solely declaratory and injunctive relief. He states: "No monetary relief is sought herein." (*Id.* at p. 5.) Rather, "[Plaintiff] respectfully requests this Court to strike down California Penal Code §646.9 as unconstitutional . . . and enjoin San Diego County District Attorney and California Attorney General as well as the San Diego County Sheriff from enforcing the statute." (*Id.* at p. 32.) He claims that enforcement would violate his First Amendment rights to free speech as well as the Commerce Clause "in that it makes actions outside of California illegal." (*Id.* at pp. 15-32.)

However, whether Plaintiff is requesting retroactive or prospective application and based on what conduct is a little more unclear. Plaintiff first alleges that he "is currently under a criminal stalking restraining order for ten years enjoining him from having contact with multiple people in San Diego, including his ex-wife Joanna Hyma…with which [sic] Plaintiff has a daughter." (*Id.* at pp. 3-4.) Plaintiff then makes multiple allegations against his ex-wife, claiming she is extorting money from him by threatening to have Plaintiff arrested under the stalking statute. (*Id.*)

Plaintiff then goes on to discuss his prior criminal case in San Diego Superior Court (discussed above) in which he pled guilty to one count of stalking in violation of California Penal Code §646.9 for threats he made against Robert Cross "based primarily on emails [Plaintiff] sent in the midst of a real estate dispute." (*Id.* at pp. 6-8.) Plaintiff alleges in great detail the facts surrounding this prior criminal conviction, but then claims "[t]his [FAC] is not retroactive and does not seek to overturn [the previous] state conviction [for stalking]," nor does it "challenge the California Superior Court's refusal to dismiss a stalking count." (*Id.* at pp. 5-6.)

However, the FAC then proceeds to do just that, arguing: (1) "since [Plaintiff] was subjected to criminal prosecution for his speech, the prosecution should have

been required to prove he made a 'true threat';" (2) Plaintiff's "communications were connected with a legitimate legal dispute on whether the lease agreement was violated by Cross . . ." and "because these were legitimate purposes, [Plaintiff's] speech could not be criminalized;" (3) "[Plaintiff's] communications were obnoxious but not criminal;" and finally, (4) "[Plaintiff's] speech must be reviewed through the First Amendment's broad protection and narrow exception for threats of unlawful violence, and there is no evidence that [Plaintiff] ever came anywhere near making threats of unlawful violence." (*Id*. at pp. 28-29, 31-32.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a Complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' ... it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the…laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions. Id. It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation or other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**III. DISCUSSION**

    **A. Plaintiff's Claims Are Barred By *Heck***

In *Heck v. Humphrey*, 512 U.S. 477 (1994), an inmate brought a 42 U.S.C. § 1983 action against county prosecutors and a state police investigator claiming his conviction violated his civil rights. The Supreme Court held that "in order to

1  recover damages for allegedly unconstitutional conviction or imprisonment, or for
2  other harm caused by actions whose unlawfulness would render a conviction or
3  sentence invalid, a §1983 plaintiff must prove that the conviction or appeal has been
4  reversed on direct appeal, expunged by executive order, declared invalid by state
5  tribunal . . . or called into question by a federal court's issuance of writ of habeas
6  corpus." *Id*. at 486-87.  "Thus, when a state prisoner seeks damages in a §1983 suit,
7  the district court must consider whether a judgment in favor of the Plaintiff would
8  necessarily imply the invalidity of his conviction or sentence; if it would, the
9  complaint must be dismissed unless the plaintiff can demonstrate that the conviction
10 or sentence has already been invalidated."  *Id*. at 487; *see also Smithart v. Towery*,
11 79 F.3d 951, 952 (9th Cir. 1996) ("*Heck*, in other words, says that if a criminal
12 conviction arising out of the same facts stands and is fundamentally inconsistent
13 with the unlawful behavior for which section 1983 damages are sought, the 1983
14 action must be dismissed.").

15         Here, Plaintiff does not seek damages, but rather asks the Court to declare
16 Penal Code section 646.9 unconstitutional and enjoin the San Diego County District
17 Attorney, California Attorney General, and San Diego County Sheriff from
18 enforcing the statute.  However, the Supreme Court later clarified that "a state
19 prisoner's § 1983 action is barred (absent prior invalidation)—*no matter the relief*
20 *sought (damages or equitable relief)*, . . . if success in that action would necessarily
21 demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544
22 U.S. 74, 81 (2005) (emphasis added); *see also Osborne v. Dist. Attorney's Office for*
23 *Third Judicial Dist*., 423 F.3d 1050 (9th Cir. 2005) ("*Dotson* thus erases any doubt
24 that *Heck* applies both to actions for money damages and to those, like this one, for
25 injunctive relief.").

26         In Plaintiff's prior criminal case, his appeals to both the Court of Appeal and
27 the California Supreme Court were rejected.  His federal habeas petition was
28

dismissed since he was no longer in custody.³ To the extent Plaintiff seeks a declaration that Penal Code section 646.9 is unconstitutional, such a declaration would necessarily invalidate his conviction.⁴ The FAC must therefore be dismissed under *Heck* because Plaintiff cannot demonstrate the conviction has been reversed, expunged, declared invalid or called into question.⁵

---

³ Plaintiff argues habeas relief was unavailable to him because his post-sentencing time "was one hour which was not long enough to seek federal remedies pursuant to *Patterson*," and thus *Heck* is not a bar to his section 1983 suit. (Opp at 2.) The Court disagrees. As an initial matter, the Court notes Plaintiff was on parole for nearly a year and a half. (*See* ECF No. 21 at 28; ECF No. 19-5 at p. 4.) An individual is considered "in custody" for purposes of federal habeas relief while on parole. *Jones v Cunningham*, 371 U.S. 236, 240-43 (1963). Plaintiff therefore had more than one hour to seek habeas relief. Second, the Ninth Circuit in *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002) held that a plaintiff seeking damages for the unconstitutional deprivation of good-time credits could bring a section 1983 claim despite the *Heck* bar where habeas relief is unavailable. *Id*. at 877. However, the Ninth Circuit emphasized that its *Nonnette* exception to *Heck* "affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters," and distinguishes prisoners seeking to challenge their underlying convictions or sentences. *Id*. at 878, n. 7; *see also Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2003) (acknowledging the limitation). While the Ninth Circuit in *Patterson v. Moench*, 138 Fed.Appx. 904, 905 (9th Cir. 2005) indicated the *Nonnette* exception may apply in additional circumstances, without clear guidance and a precedential decision from the Ninth Circuit, this Court declines to extend the exception.

⁴ The fact Plaintiff pleaded guilty in the state case does not preclude the application of *Heck*. *See Whitaker v. Garcetti*, 486 F.3d 572 (9th Cir. 2007); *Guerrero*, 442 F.3d at 705. Plaintiff cites to *Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2001) for the proposition a conviction based on a guilty plea is not barred by *Heck*. (Opp at p. 9.) However, *Ove* is factually distinguishable because, unlike here, the validity of the underlying conviction did "not in any way depend upon the legality" of the alleged constitutional violation in the subsequent section 1983 action. *Ove*, 264 F.3d at 822; *see also Jackson v. Barnes*, 749 F.3d 755, 760-61 (9th Cir. 2014) (discussing the exception).

⁵ Moreover, to the extent Plaintiff is seeking an appeal of his state court judgment, this Court has no jurisdiction over not only "an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (quoting *Noel v. Hall*, 341 F.3d 1148,

### B. Res Judicata and Collateral Estoppel

Alternatively, Plaintiff's claims in the FAC are barred by both res judicata (claim preclusion) and collateral estoppel (issue preclusion). The rules of res judicata and collateral estoppel apply in Section 1983 actions. *Allen v. McCurry*, 449 U.S. 90, 103-04 (1980); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80-85 (1984).

#### 1. <u>Res Judicata</u>

"The preclusive effect accorded a state court judgment in a subsequent federal court proceeding is determined by reference to the laws of the rendering state." *United States ex rel. Robinson Rancheria Citizens Council*, 971 F.2d at 250 (citing 28 U.S.C. § 1738; *Marrese v. Am. Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380 (1985)); *Migra*, 465 U.S. at 85. Therefore, the Court looks to the preclusion rules of California. *See Miofsky v. Super. Ct. of St. of Cal., In and For Sacramento Cnty.*, 703 F.2d 332, 336 (9th Cir. 1983).

Under California law, "[r]es judicata applies if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202 (2004); *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010). In addition, "[t]he Supreme Court has held that . . . claim . . . preclusion can[not] be applied by a federal court if there was not a full and fair opportunity to litigate in the state proceeding." *Shaw v. St. of Cal. Dept. of Alcoholic Beverage Control*, 788 F.2d 600, 606 (9th Cir. 1986) (citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461,

---

1155 (9th Cir. 2003)). To the extent Plaintiff is seeking to challenge the fact or duration of his confinement, the exclusive method is by filing a petition for a writ of habeas corpus. *Wilkinson*, 544 U.S. at 78; *see also* 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983 action.

480–81 & n. 22 (1982)). "[I]n the context of claim preclusion, a party has had a full and fair opportunity to litigate if the procedures provided meet the requirements of the Due Process Clause of the Fourteenth Amendment." *Id.* (citing *Kremer*, 456 U.S. at 482-83 & n. 24).

### a.     *Final Judgment on the Merits*

In Plaintiff's state case, he filed a written motion to dismiss the criminal complaint arguing, in part, that "his communications were protected from criminalization under the First Amendment." (FAC at p. 16.) The trial court denied Plaintiff's motion to dismiss the complaint, including count 5, at the preliminary hearing and required Plaintiff to answer all eight charged counts. (10/12/12 Opinion at p. 2.) Plaintiff thereafter pleaded guilty to count 5 and the court sentenced Plaintiff to a two-year prison term. (*Id.*) Plaintiff appealed. (*Id.*)

On appeal, Plaintiff argued "(1) his communications were protected speech under the First Amendment to the federal Constitution, and (2) the prosecution failed to show that he violated section 646.9(a)." (*Id.* at p. 3.) Plaintiff specifically argued that "(1) under the First Amendment, the 'credible threat' provision of section 646.9 must be construed as requiring proof of a 'true threat,' which . . . 'in turn requires a showing that the "speaker means to communicate a serious expression of an intent to commit an act of unlawful violence"' . . .); and (2) the People 'failed to make this showing.'" (*Id.* at p. 7.) Plaintiff also argued that "his communications served legitimate purposes, and they were thus protected by the First Amendment and did not violate section 646.9(a)." (*Id.* at p. 7.)

The Court of Appeal analyzed the constitutionality of Penal Code section 646.9 and rejected Plaintiff's "contention that, under the First Amendment, the 'credible threat' element of the crime of stalking (§ 646.9, subds. (a) & (g)) must be construed as requiring proof of a 'true threat of physical violence;' that is, proof that the alleged stalker meant to communicate a serious expression of an intent to commit an act of unlawful violence." (*Id.* at pp. 12-17.) The Court of Appeal also

analyzed and rejected Plaintiff's argument that count 5 must be reversed because his "communications served legitimate purposes" and were therefore protected by the First Amendment. (*Id*. at pp. 17-18.) The Supreme Court of California thereafter denied Plaintiff's petition for review. (ECF No. 18-2.)

Under California law, a judgment is final for purposes of res judicata after resolution of an appeal. *Sosa v. DIRECTV, Inc*., 437 F.3d 923, 928 (9th Cir. 2006) (finding a judgment final where there has been a decision on appeal as well as denial of review by the California Supreme Court). Accordingly, the Court finds there was a final judgment on the merits in Plaintiff's state case.

### b.    *Claims Litigated*

The same cause of action is implicated if two lawsuits are based on the same "primary right." *Fed'n of Hillside & Canyon Ass'ns*, 126 Cal. App. 4th at 1202; *Gonzales v. Cal. Dep't of Corrs*., 739 F.3d 1226, 1232 (9th Cir. 2014). That primary right is "the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based." *Id*.; *see also Gonzales*, 739 F.3d at 1233 ("[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (quoting *Eichman v. Fotomat Corp*., 147 Cal. App. 3d 1170, 1174 (1983))).

"The scope of the primary right therefore depends on how the injury is defined." *Id*.; *see also Gonzales*, 739 F.3d at 1233("[U]nder the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." (quoting *Boeken*, 48 Cal.4th at 798)). "An injury is defined in part by reference to the set of facts, or transaction, from which the injury arose." *Id*. at 1203. "If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all

matters which *could have been raised*." *Id.* (quoting *Eichman*, 147 Cal. App. 3d at 1174).

In Plaintiff's state case and in the FAC, Plaintiff has asserted that he was injured because section 646.9 is unconstitutional and the speech at issue was protected by the First Amendment. In this suit, Plaintiff may seek a different form of relief – an injunction – and assert a different theory of recovery – section 646.9 violates the dormant commerce clause – but the same primary right is implicated. Undeniably, the facts underlying the injury are the same in both cases. Plaintiff argues he was not given an opportunity to fully litigate his commerce clause claim in state court because his attorney refused to make the claim upon his request. (Opp. at pp. 19-20.) However, there is no suggestion the procedures provided to him failed to meet the requirements of due process. Thus, the Court finds that Plaintiff's claims in the FAC were litigated and decided, or could have been litigated, in Plaintiff's state case.

### c. *Identity or Privity Between Parties*

"Privity is essentially a shorthand statement that collateral estoppel is to be applied in a given case; there is no universally applicable definition of privity." *People v. Sims*, 32 Cal. 3d 468, 486 (1982) (quoting *Lynch v. Glass*, 44 Cal. App. 3d 943, 947 (1975)). "The question is whether the non-party is sufficiently close to the original case to afford application of the principle of preclusion." *People ex rel. State of Cal. v. Drinkhouse*, 4 Cal. App. 3d 931, 937 (1970).

In *Sims*, the Supreme Court of California found that the office of the district attorney and the Social Services Department of Sonoma County were "sufficiently close" to warrant the application of collateral estoppel. *Sims*, 32 Cal. 3d at 487. The court explained:

> Both entities are county agencies that represented the interests of the State of California at the respective proceedings. The district attorney's office represents the State of California in the name of the "People" at criminal prosecutions. (*See* Pen.Code, § 684.) At fair

> hearings, the county welfare department acts as the "agent" of the state. "[T]he courts have held that the agents of the same government are in privity with each other, since they represent not their own rights but the right of the government. [Fn. omitted.]" (*Lerner v. Los Angeles City Board of Education* (1963) 59 Cal.2d 382, 398, 29 Cal.Rptr. 657, 380 P.2d 97; *see also Sunshine Coal Co. v. Adkins* (1940) 310 U.S. 381, 402–406, 60 S.Ct. 907, 916–917, 84 L.Ed. 1263.)

*Id.*; *see also Sunshine*, 310 U.S. at 402-03 ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government."). The Supreme Court of California further noted in *Sims* "the close association between the county and the district attorney's office could be seen from the fact that the agencies operate jointly in investigating and controlling welfare fraud." *Dyson v. Cal. St. Personnel Bd.*, 213 Cal. App. 3d 711 (1989).

Here, Plaintiff is a party to both actions. His state case was brought by the State of California in the name of the "People." Defendants in this matter are agents of the State of California being sued as such in their official capacity and for the reason that they enforce the laws of the State of California. Thus they are closely associated with the State of California and share a common interest in enforcing state law. The Court accordingly finds there is privity between the parties.

Given the foregoing, this action is barred by the doctrine of res judicata.

### 2. Collateral Estoppel

Under collateral estoppel, or issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen*, 449 U.S. at 94. "State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action." *Allen*, 449 U.S. at 96; *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990). In

California, four criteria govern the application of collateral estoppel to issues raised in a prior criminal proceeding: "(1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior trial." *Ayers*, 895 F.2d at 1271 (citing *McGowan v. City of San Diego*, 208 Cal.App.3d 890, 895 (1989)); *see also People v. Garcia*, 39 Cal. 4th 1070, 1077 (2006).

Plaintiff's state conviction, a felony conviction, was not only serious enough so that Plaintiff was motivated to fully litigate the charges, but he did in fact do so. After Plaintiff pleaded guilty to a violation of the stalking statute, he appealed his conviction and raised the same First Amendment constitutional challenges that he raises here: (1) under the First Amendment, the "credible threat" provision of section 646.9 must be construed as requiring proof of a "true threat;" (2) the prosecution failed to show a "true threat" and thus his conviction was unconstitutional; and (3) his communications served legitimate purposes and thus were protected under the First Amendment. (10/12/12 Opinion at p. 7;[6] *see also* FAC at pp. 24-32.) His appeal was fully litigated and necessarily decided, and his petition for review was denied by the Supreme Court of California. *See Murphy v. Murphy*, 164 Cal. App. 4th 376, 400 (2008) ("When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated.").

"Privity exists where the party against whom collateral estoppel is asserted

---

[6] Although the October 12, 2012 Court of Appeal Opinion is unpublished, an unpublished opinion "may be cited or relied on . . . [w]hen the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel." Cal. Rules of Court 8.1115(b)(1).

was a party to the prior adjudication where the issue to be estopped was finally decided." *Ayers*, 895 F.2d at 1271 (finding privity where the party against whom collateral estoppel is being asserted was a party to both a prior criminal action and a subsequent Section 1983 action). Defendants are asserting collateral estoppel against Plaintiff, who was a party to the prior state case. Accordingly, Plaintiff is collaterally estopped from raising his First Amendment challenges in this section 1983 action.

## IV. CONCLUSION & ORDER

For the reasons stated above, Defendants' motions to dismiss are **GRANTED** (ECF Nos. 18, 19). Since there are no allegations that could cure the fact that Plaintiff's claims are barred by *Heck*, res judicata, and collateral estoppel, the FAC is dismissed **WITHOUT LEAVE TO AMEND**.

IT IS SO ORDERED.

DATED: March 11, 2015

Hon. Cynthia Bashant
United States District Judge